UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA TRAVIS COBB,

    Plaintiff,

v.                               Case No. 3:18-cv-313-J-39MCR

SGT. WAYNE HOWARD, et al.,

    Defendants.

_____

## ORDER

Before the Court is Plaintiff's Motion to Amend his second amended complaint (SAC) (Doc. 49; Motion) with a proposed third amended complaint attached (Doc. 49-1; PAC). In his motion, Plaintiff, proceeding pro se, states the arguments made in Defendants' motion for partial summary judgment have prompted his need to make "corrections" to his complaint. See Motion at 1. In their motion for partial summary judgment (Doc. 32), Defendants assert Plaintiff failed to exhaust his administrative remedies; Plaintiff cannot prove his excessive force claim against Defendants Wyatt and Martin; Plaintiff fails to demonstrate a physical injury under 42 U.S.C. § 1997e(e); Plaintiff is not entitled to nominal damages because he does not make such a request; and Defendants Wyatt and Martin are entitled to qualified immunity. Defendants oppose Plaintiff's Motion (Doc. 51; Opposition). They argue Plaintiff has unduly delayed because he seeks to include allegations known to him previously. See Opposition at 3-4. They also assert Plaintiff files his Motion solely to avoid an impending adverse ruling on summary judgment. Id. at 4. Finally, Defendants state, without explanation, that an amendment would be futile. Id. at 5.

A comparison of the SAC and the proposed third amended complaint reveals the following changes: (1) in the PAC, each Defendant is named in his/her individual and official capacities, whereas in his SAC, Plaintiff names Defendants in their individual capacities only; (2) in the PAC, Plaintiff asserts claims under the First and Eighth Amendments, whereas in his SAC, he asserts claims for excessive force under state law and the Eighth Amendment; (3) In the PAC, the factual allegations are more detailed than those in the SAC in explanation of the Eighth Amendment claims against Defendants Wyatt and Martin; (4) and, in the PAC, Plaintiff seeks a declaration that his rights have been violated, compensatory and punitive damages, a jury trial, costs, and "any additional relief this court deems" appropriate, whereas in his SAC, Plaintiff seeks a declaration that his rights have been violated and compensatory damages. See PAC at 2-3, 13-14, 15-17, 19; SAC at 2-6.

Motions to amend should be freely granted to promote the ends of justice. Fed. R. Civ. P. 15(a)(2). When ruling on a motion to amend, a court should consider whether there has been "undue delay, undue prejudice to the defendants," and whether an amendment would be futile. Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (quoting Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003)). To the extent Plaintiff seeks to name Defendants in their official capacities and add a First Amendment claim, the Court finds his motion is due to be denied. Plaintiff has unduly delayed raising these new theories of liability, and

he offers no explanation for such delay.[1] Moreover, such amendments would necessarily delay the proceedings and be unduly prejudicial to Defendants.

However, the Court finds no reason to deny Plaintiff's motion in its entirety. With respect to Plaintiff's clarification of his Eighth Amendment claims against Defendants Wyatt and Martin and his request for "any additional relief," the Court finds his motion is due to be granted. There is no indication that permitting these amendments would prejudice Defendants: Plaintiff does not change the theory of his case or name additional defendants, and the changes would not necessitate the re-opening of discovery. The subject matter of the amendment is already alleged; Plaintiff only seeks to clarify and expand upon his already-pled allegations. Defendants make no showing of prejudice or futility. As a pro se litigant, Plaintiff should be granted leave to amend under these circumstances.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Amend (Doc. 49) is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion is **GRANTED** to the extent the Court accepts his proposed amended complaint insofar as he clarifies his Eighth Amendment claims against Defendants Wyatt and Martin, and he expressly seeks "any other relief" the Court finds appropriate. The Motion is **DENIED** to the extent Plaintiff seeks to name Defendants in their official capacities and seeks to add a First Amendment claim.

---

[1] Under this Court's screening obligation, the Court finds Plaintiff fails to state a claim under the First Amendment and fails to provide factual allegations supporting claims against Defendants in their official capacities. See 28 U.S.C. § 1915(e)(2)(B).

2. The Court directs the **Clerk** to docket Plaintiff's Third Amended Complaint (Doc. 49-1).

3. Defendants shall respond to Plaintiff's Third Amended Complaint within **twenty days** of the date of this Order. The Court will set deadlines for the filing of dispositive motions after Defendants respond to the Third Amended Complaint.

4. Defendants' Amended Motion for Partial Summary Judgment (Doc. 32) is **DENIED as moot**.

5. Plaintiff's Motion for an Extension of Time to respond to Defendants' Motion for Partial Summary Judgment (Doc. 48) is **DENIED as moot**.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Joshua Travis Cobb
Counsel of Record