UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA TRAVIS COBB,

        Plaintiff,

v.                                 Case No. 3:18-cv-313-J-39MCR

SGT. WAYNE HOWARD, et al.,

        Defendants.
_____

## **ORDER**

### I. Status

Plaintiff, Joshua Travis Cobb, is proceeding on a third amended complaint under 42 U.S.C. § 1983 (Doc. 53; TAC) against the following individuals: Wayne Howard, Janet Martin, C. Green, and Travis Wyatt. Plaintiff alleges Defendants violated his Eighth Amendment rights on November 4, 2017, at Suwannee Correctional Institution. Plaintiff asserts Defendants Green and Howard used excessive force against him, and Defendants Wyatt and Martin failed to intervene. See TAC at 15-16. He contends he sustained the following injuries: cuts inside his mouth; hematoma on his head; cuts and scars on his ankles, shoulder injury, and emotional distress. Id. at 18. As relief, Plaintiff seeks a declaration that his rights have been violated, compensatory and punitive damages,

a jury trial, costs, and "any additional relief this court deems" appropriate. Id. at 19.

## II. Motion & Response

Before the Court is Defendants' motion for partial summary judgment (Doc. 56; Motion). Defendants argue (1) Plaintiff is not entitled to compensatory or punitive damages under 42 U.S.C. § 1997e(e) because his documented injuries are no more than de minimis, and (2) they are immune from suit as to any claims for damages against them in their official capacities. See Motion at 6, 12.

Plaintiff responded (Doc. 58; Pl. Resp.). As to the Eleventh Amendment immunity argument, Plaintiff concedes he is not entitled to damages from Defendants in their official capacities based on this Court's Order denying in part his motion to amend his complaint. See Pl. Resp. at 5; see also Order (Doc. 52). Thus, Defendants' motion is due to be denied as moot with respect to this argument.

As to his injuries, Plaintiff states the medical records, which Defendants provide in support of their motion, show he suffered more than de minimis injuries. See Pl. Resp. at 6.[1]

---

[1] In response to the motion, Plaintiff offers his own declaration (Doc. 58-1; Pl. Dec.) in which he directs the Court's attention to Defendants' exhibits H and I (medical records and a physician's declaration). See Pl. Dec. ¶ 3.

## III. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

A party opposing the motion must point to evidence in the record to demonstrate a genuine dispute of material fact. Id. "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).

**IV. Analysis & Conclusions**

The Prison Litigation Reform Act requires a plaintiff seeking damages to demonstrate the alleged constitutional violation caused a physical injury. See § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). A physical injury is one that is not simply de minimis, though it "need not be significant." See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007) (citing Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999)).

The Eleventh Circuit has cited with approval the following test to determine whether a prisoner sustained the requisite physical injury: whether the injury would require a free world

4

person to visit an emergency room or doctor. Thompson, 551 F. App'x at 557 n.3 (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997)). Under this test, bruising, scrapes, and temporary soreness are de minimis injuries. Dixon, 225 F. App'x at 799 (holding that bruising or welts caused by application of physical restraints were de minimis); Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (holding vague back injuries and scrapes amounted to de minimis injuries).

Upon review of the voluminous records Defendants' attorney filed (Docs. 56-8 through 56-11; Def. Exs. H-1 through H-4), Defendants fail to carry their burden on summary judgment. On the day of the incident, a nurse noted Plaintiff sustained a "hematoma on [the right] side of [his] forehead." Def. Ex. H-2 at 123. The nurse treated the hematoma and told Plaintiff to access sick call if he needed additional treatment. Id. The nurse recorded no other injuries. However, Plaintiff filed two informal grievances after the incident complaining the nurse failed to properly examine him at Defendant Martin's insistence.[2] Def. Ex. H-1 at 119, 122. And at his deposition (Doc. 56-7; Def. Ex. G), Plaintiff said the nurse

---

[2] Defendants concede they engaged Plaintiff in a "reactionary use of physical force" on November 4, 2017, but they contend they did so because Plaintiff displayed disorderly behavior and failed to comply with orders. See Def. Ex. E (Doc. 56-5) at 1, 5. Plaintiff incurred a disciplinary charge for his behavior. Id. at 1. In a disciplinary report worksheet, the reporting officer noted Plaintiff "received a pre-confinement and a Post use of force assessment by on-duty medical staff." Id. at 5.

5

who evaluated him was "directed by [Defendant] Captain [Martin] to . . . do nothing for [him]." Def. Ex. G at 24.

Even if the nurse properly recorded all observable physical injuries on the day of the incident, and even if a hematoma alone constitutes only a de minimis injury, the medical records show Plaintiff sustained additional injuries, which he attributes to the use-of-force incident. Between November 2017 and September 2018, Plaintiff submitted at least four sick-call requests complaining of headaches. Def. Ex. H-2 at 15, 20, 31, 35-36, 37. See also Def. Ex. I ¶¶ 5-7 (declaration of Dr. Santiago). Plaintiff's complaints even warranted testing beyond physical examination. On November 16, 2017, a doctor ordered a skull x-ray, which was negative; and on January 16, 2018, a nurse noted a CT scan may be considered if Plaintiff's symptoms persisted. Def. Ex. H-2 at 28; Def. Ex. H-3 at 84-85. See also Def. Ex. I ¶ 5. The Court is unable to conclude as a matter of law that persistent headaches requiring medical treatment and imaging constitute merely de minimis injuries.[3]

About nine months after the incident, Plaintiff also began complaining of shoulder pain. Def. Ex. H-2 at 2, 13, 17, 19. Plaintiff attributed the shoulder injury to the use-of-force

---

[3] That an x-ray was negative does not mean Plaintiff was not experiencing pain or other symptoms. Notably, Dr. Santiago does not opine Plaintiff's injuries are de minimis. See Def. Ex. I.

6

incident.[4] Whether this alleged injury is causally related to the use-of-force incident is a question of fact this Court may not resolve on a motion for summary judgment. See Hall v. Bennett, 447 F. App'x 921, 923 (11th Cir. 2011) (holding whether a prisoner's delay in reporting an injury discredits his allegations is "an inference for the jury to make," not for the court). Similarly, whether Plaintiff's allegations as to his injuries have been inconsistent, permitting the inference they are not credible, is not a determination for the Court on summary judgment. See Furcron v. Mail Centers Plus, LLC, 843 F.3d 1295, 1304 (11th Cir. 2016) (noting a court may not "make credibility determinations" when ruling on a motion for summary judgment).

Construing the evidence in the light most favorable to Plaintiff, Defendants fail to carry their burden to show there are no genuine issues of material fact to be determined at trial. See Fed. R. Civ. P. 56(a). Accordingly, Defendants' motion is due to be denied.

## V. Appointment of Counsel

This Court has broad discretion in determining whether the appointment of counsel is appropriate in a civil rights action. Under these circumstances and at this point in the proceedings,

---

[4] Plaintiff testified at deposition that two Defendants "slammed" him on the floor, and the right side of his head and right shoulder absorbed the impact. Def. Ex. G at 16-17.

7

the Court finds Plaintiff is entitled to the assistance of a trained practitioner. Defendants are represented by counsel, the parties demand a jury trial, and there are sufficiently complex factual and constitutional issues involved in this litigation. Plaintiff will require assistance of counsel at a settlement conference and, if the case does not settle, at pretrial conference and trial. Therefore, the Court will refer this case to the Jacksonville Division Civil Pro Bono Appointment Program.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion for Partial Summary Judgment (Doc. 56) is **DENIED**.

2. This case is **REFERRED** to the Jacksonville Division Civil Pro Bono Appointment Program so the designated deputy clerk of the Court may seek counsel to represent Plaintiff.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Joshua Travis Cobb, #D06141
Counsel of Record